UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROY WELCH, | No. 2:25-cv-0735 WBS CSK P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2   § 1915(b)(2).
3          Plaintiff is granted an opportunity to elect to proceed on his Eighth Amendment claims
4   against defendants Christensen, for failure to protect and conditions of confinement, and Lt. Clay
5   and Sgt. Beckham for conditions of confinement, or plaintiff may elect to amend his complaint as
6   discussed below.

7   I.     SCREENING STANDARDS
8          The court is required to screen complaints brought by prisoners seeking relief against a
9   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
10  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
11  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
13         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
15  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
20  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
21  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
22  1227.
23         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
24  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
27  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
28  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges that CDCR policies fail to prevent undocumented in cell violence. (ECF No. 1 at 4.) As a result, plaintiff has suffered multiple incidents of undocumented in-cell violence at the hands of his cellmates. (Id.)

In his second claim, plaintiff alleges he alerted defendant Christensen that plaintiff's

3

cellmate, Raymond Stipp, had repeatedly threatened to kill plaintiff, and plaintiff had a cell, A4-217, to move into. (ECF No. 1 at 5.) Christensen responded, "not now," and ordered plaintiff back to his cell. Upon stepping into the cell, inmate Stipp struck plaintiff's left arm with a metal cane. (Id.) Plaintiff backed out of the cell and reported the assault to Christensen, and reiterated that cell A4-217 was available. (Id.) At this time, all parties agreed to the move, and plaintiff was cuffed and escorted to the A yard program office where he was put in the stand up cage. (Id.) Plaintiff avers he was held in the holding cage for about 16 hours, overnight, instead of being placed in the available cell, during which time CDCR staff allowed inmate Stipp to continue harassing plaintiff. (Id. at 5, 6.) Plaintiff sustained an injury to his left arm. (Id. at 5.)

In his third claim, plaintiff alleges defendants Lt. Clay and Sgt. Beckham kept plaintiff in the holding cell for 16 hours.[1] (Id. at 6.) As a result, plaintiff's degenerative disc disease worsened. (Id.)

IV.   DISCUSSION

Plaintiff's complaint states potentially cognizable Eighth Amendment claims against defendants Christensen, for failure to protect and conditions of confinement, and Lt. Clay and Sgt. Beckham for conditions of confinement. However, plaintiff fails to state cognizable claims against the remaining defendants.

In plaintiff's first claim, plaintiff fails to tie this claim to any particular defendant. Further, plaintiff's claim is too vague and conclusory to state a cognizable challenge to CDCR policy.

In plaintiff's second claim, after plaintiff wrote that he informed defendant Christensen of Stipp's repeated threats, plaintiff wrote "as I had to many C/Os prior to this incident, C/O Perez inclusive as well as C/O Danielian whom witnessed a prior incident with the same cellee." (Id at 5.) Plaintiff named Perez as a defendant, but did not name Danielian as a defendant. (ECF No. 1 at 2-3.) Other than this one sentence, plaintiff includes no facts as to Perez's involvement even though plaintiff identifies Perez as also being an officer on A yard in Building 4. Plaintiff's

---

[1] Plaintiff also alleges that Correctional Officer Sonley supervised the first 7 to 8 hours plaintiff was held in the holding cell, but plaintiff did not name Sonley as a defendant. (Id. at 6.)

4

sentence suggests plaintiff had previously informed Perez of other incidents, not that Perez was involved with defendant Christensen during the incident at issue here. The Court finds plaintiff failed to include specific charging allegations as to defendant Perez.

Finally, plaintiff names other individuals as defendants: Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener. However, plaintiff included no charging allegations as to these remaining defendants.

V.     PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Christensen, Lt. Clay and Sgt. Beckham, and pursue plaintiff's potentially cognizable Eighth Amendment claims against only those defendants, or he may delay serving any defendant and attempt to state cognizable claims against defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener. If plaintiff elects to proceed forthwith against defendants Christensen, Lt. Clay and Sgt. Beckham, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the claims against defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state cognizable claims against defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener. If plaintiff elects to attempt to amend his complaint to state cognizable claims against defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

5

act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

VI.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Claims against defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener.  Plaintiff is not obligated to amend his complaint.

4.  The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Christensen, Lt. Clay and Sgt. Beckham.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener without prejudice.

5.  Failure to comply with this order will result in this action proceeding on plaintiff's Eighth Amendment claims against defendants Christensen, for failure to protect and conditions of confinement, and Lt. Clay and Sgt. Beckham for conditions of confinement, and a recommendation that the remaining claims be dismissed.

Dated:  September 22, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/welc0735.14o

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROY WELCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No.  2;25-cv-0735 WBS CSK P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

　　_____　　Plaintiff opts to proceed with his Eighth Amendment claims against defendants Christensen, Lt. Clay and Sgt. Beckham.  Under this option, plaintiff consents to dismissal of defendants Perez, Jeff Macomber, "Miss Miranda," Sgt. Prather, and C/O Kerschener, without prejudice.

　　**OR**

　　_____　　Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff

1