UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ROY WELCH,

Plaintiff,

v.

JEFF MACOMBER, et al.,

Defendants.

No.  2:25-cv-0735 WBS CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  On September 23, 2025, plaintiff was granted the opportunity to proceed with his Eighth Amendment claims against defendants Christenson, Lt. Clay and Sgt. Beckham, or he could opt to file an amended complaint.  (ECF No. 7.)  Subsequently, plaintiff was granted an extension of time to file an amended complaint.  On December 19, 2025, plaintiff filed a motion for summary judgment, a motion to amend, and his first amended complaint.  (ECF Nos. 13, 14, 15.)  On December 22, 2025, plaintiff filed another motion to amend, accompanied by a second amended complaint, and a Notice of Errata advising that plaintiff inadvertently omitted a claim from his first amended complaint.  (ECF Nos. 16, 17, 18.)

I.    MOTIONS TO AMEND

Because plaintiff was granted leave to file an amended complaint, and his second amended complaint was filed to correct an omission in his first amended complaint, his motions

1

to amend were unnecessary and are denied as moot.  (ECF Nos. 14, 16.)  This action now proceeds on plaintiff's second amended complaint.  (ECF No. 17.)

II.   MOTION FOR SUMMARY JUDGMENT

On December 19, 2025, plaintiff filed a motion for summary judgment.

"Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."  Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b).)  Indeed, judges from this court and others regularly deny pre-answer and pre-discovery motions for summary judgement as premature, despite technical compliance with Rule 56.  See Sayyedalhosseini v. Los Rios Community College District, 2024 WL 2883475, at *6 n.6 (E.D. Cal. June 6, 2024); Giles v. San Joaquin Valley Rehab. Hosp., 2023 WL 5806539, at *1 (E.D. Cal. Sept. 7, 2023) (collecting E.D. Cal. cases); Ahuruonye v. United States Dep't of Interior, 2016 WL 11956733, at *3 n.5 (D.D.C. Dec. 15, 2016) (citing several cases in D.D.C. and D.C. Cir.); see also Hellstrom v. U.S. Dep't of Veterans Affs., 201 F.3d 94, 97 (2d Cir. 2000) ("[o]nly in the rarest of cases" may summary judgment "be granted against a plaintiff who has not been afforded the opportunity to conduct discovery").

Here, although plaintiff's reading of Rule 56 is technically correct, the motion for summary judgment is premature. The Court has not yet screened plaintiff's amended pleading, and no defendant has filed a responsive pleading (see Docket; Fed. R. Civ. P. 7(a)).  Further, the court has not issued a scheduling order, and discovery has not yet begun.  Thus, the motion for summary judgment is premature.

In addition, plaintiff's motion for summary judgment was filed before he filed his amended complaints.  Because the motion is based on the original complaint, which is no longer the operative pleading, plaintiff's motion for summary judgment must be vacated without prejudice.  Plaintiff shall refrain from re-filing a motion for summary judgment until the Court issues the discovery and scheduling order and the discovery deadline has expired.

///

2

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions to amend (ECF Nos. 14, 16) are denied as unnecessary; and

2.  Plaintiff's motion for summary judgment (ECF No. 13) is vacated without prejudice.

Dated:  January 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/welc0735.mta+